ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 2 2 2007

JAMES N. HAGEN, CLERK
By

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,            :
                                   :
              Plaintiff,           :     CIVIL ACTION NO.
                                   :     **1:07-CV-0438**       -CC
         v.                        :
                                   :     COMPLAINT
SUPERIOR ASSET MANAGEMENT, INC.:
                                   :     JURY TRIAL DEMANDED
              Defendant.           :
_____:

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Reginald Myles, (Myles) who was adversely affected by such practices. The Defendant, Superior Asset Management Inc. (Superior), terminated Myles from his position as a Debt Collector in retaliation for engaging in protected activity in violation of Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Superior Asset Management, Inc. (the "Defendant") has continuously been doing business in the State of Georgia and the City of Norcross and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer

engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than 30 days prior to the institution of this lawsuit, Myles filed a charge with the Commission alleging violations of Title VII by Defendant.   All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least December 20, 2004, Defendant has engaged in unlawful employment practices at its Norcross, Georgia facility in violation of Section 704(a)of Title VII, 28 U.S.C.§2000e-3(a), by discharging Reginald Myles in retaliation for engaging in protected activity, including his opposition to practices made unlawful under Title VII.

8.     The effect of the practices complained of in paragraph 7 above has been to deprive Myles of equal employment opportunities and otherwise adversely affect his status as an employee because he engaged in activity protected by Title VII.

9.     The unlawful employment practices complained of in paragraph 7 above were intentional.

10.     The unlawful employment practices complained of in paragraph 7 above were carried out with malice and/or reckless indifference to the federally

3

protected rights of Myles.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from engaging in employment practices which retaliate against individuals who engage in protected activity in violation of Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who engage in protected activity, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Myles, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Myles by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

4

E.  Order Defendant to make whole Myles by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay to Myles punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper.

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

2/22/2007

Robert K. Dawkins
Regional Attorney
Michigan Bar No. P38289

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:   (404) 562-6818
Facsimile:   (404) 562-6905

6