## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | : | |
| **OPPORTUNITY  COMMISSION,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No.** |
| **vs.** | : | **1:07-CV-0438-CC** |
| | : | |
| | : | |
| **SUPERIOR ASSET** | : | |
| **MANAGEMENT, INC.** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| | : | |

## CONSENT ORDER

This action was instituted by the Equal Employment Opportunity Commission (hereinafter, the "Commission") against Defendant Superior Asset Management Inc. (hereinafter the "Defendant" or "Superior")  pursuant to Section 706(f)(a) and (3) of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq. (hereinafter referred to as "Title VII") and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a) to remedy the alleged wrongful employment practices identified in the Complaint filed in this action.

This Court has jurisdiction of the subject matter of this action and of the parties to this action.

The Commission alleged in the foregoing civil action that the Defendant acted unlawfully by subjecting Reginald Myles, (hereinafter referred to as "Myles") to discrimination based upon retaliation in violation of Title VII. In its Complaint, the Commission sought to make whole Myles, seeking relief including, but not limited to, back pay relief with interest, compensatory and punitive damages, and injunctive and other affirmative relief.

The Defendant filed its Answer denying the allegations made by the Commission. Defendant disputes and denies any liability to the Commission and/or Myles. This agreed-upon Order is not to be deemed or construed to be an admission of liability or wrongdoing by Defendant, but constitutes the good faith settlement of a disputed claim.

The parties to this action desire to avoid the additional expense, and delay which would result from the continuance of this litigation and desire to formulate a plan to be embodied in a consent order which will promote and effectuate the purposes of Title VII.

This Court has reviewed the terms of the proposed Consent Order in light of the pleadings and the applicable law and regulations, and has approved this Consent Order as one which will promote and effectuate the purposes of Title VII.

Now, therefore, it is ordered as follows:

-2-

## I.   **DISCLAIMER OF VIOLATION**

It is understood and agreed that the negotiation, execution and entry of this Consent Order, and the undertakings made by Defendant hereunder, are in settlement and compromise of a disputed claim of alleged retaliation discrimination, the validity of which Defendant denies. Neither the negotiation, execution nor entry of this Consent Order shall constitute an acknowledgment or admission of any kind by Defendant that its officers, agents or employees have violated or have not been in compliance with Title VII or any rules and regulations issued under or pursuant to Title VII or any other applicable law, regulation or order.

## II.   **NON-DISCRIMINATION AND NON-RETALIATION**

Defendant shall not discriminate against any employee or affected group member in any aspect of employment on the basis of retaliation and shall not retaliate against Myles or any person because that person is a beneficiary of the Consent Order, or has provided information or assistance, or has participated in any other manner in any investigation or proceeding relating to this Consent Order.

Defendant, to ensure equal opportunity in the employment process, shall make all decisions affecting hiring, promotion, compensation, job assignment, sick and disability leave, discharge and other terms, conditions and privileges of

-3-

employment, without regard to race, color, sex, religion, national origin or retaliation.   Defendant shall not retaliate or take any adverse action against any other persons in the future because of their opposition to practices they believe are in violation of Title VII or because of their participation in the investigation of the charge or prosecution of this litigation.

### III.   NOTICES TO BE POSTED: INSTRUCTION TO MANAGEMENT

Pursuant to Section 711 of Title VII, Defendant shall keep posted the Notice attached hereto as Exhibit A for twenty-four (24) months immediately following the entry of this Order.   The posting required by this paragraph shall be conspicuously made on bulletin boards or locations in of its offices in a manner so that employees will observe at least one such posting.  Defendant shall certify the completion of the posting to the Commission within thirty (30) days from the entry of this Consent Order.  All written certification required by this Section shall be addressed to Robert Dawkins, Regional Attorney, Atlanta District Office, 100 Alabama Street, Suite 4R30, Atlanta, Georgia 30303.

Defendant shall not withhold the right of the Commission to enter upon Defendant's premises, with reasonable notice, to monitor compliance with this Section. Should the Notice become defaced, marred, or otherwise unreadable,

Defendant shall ensure that a new, readable copy of the Notice is posted in the same manner as heretofore specified.

## IV.   **INSTRUCTION TO MANAGEMENT**

Within thirty (30) days from the entry of this Order, Defendant shall certify, in writing, to the EEOC that all owners, vice presidents, executive directors, directors, managers, supervisors, and Human Resources personnel employed by Defendant at its Norcross facility have been instructed as to the terms of this Consent Order (other than the monetary amount of the settlement), and the full meaning of the provisions of the Notice to be posted, and that Defendant has reaffirmed with these employees that employment decisions are not to be made on any basis that is prohibited by Title VII. All written certification required by this Section shall be addressed to the Regional Attorney Robert Dawkins, at the EEOC's Atlanta District Office at the above-referenced address.

## V.   **TRAINING**

Defendant shall at least once during the term of this Consent Order hold a training session in an appropriate location for all vice presidents, executive directors, directors, managers, owners and supervisors and Human Resources personnel at its Norcross facility. Said training session shall address the Defendant's and its employees' equal employment opportunity obligations under

Title VII, including, but not limited to, the Defendant's obligations to comply with Title VII, specifically regarding sex discrimination and retaliation.

Defendant shall provide written certification to the Commission of the completion of this training within thirty (30) days after the training. The certification shall include the name(s) and qualifications of the person(s) providing instruction, names and job titles of attendees, length of training, training topics, and any other pertinent information about the training, including any written materials that were utilized as part of the training.

All written certification required by this Section V of the Consent Order shall be addressed and forwarded to Robert Dawkins, Regional Attorney (hereinafter the "Regional Attorney"), Atlanta District Office, 100 Alabama Street, Suite 4R30, Atlanta, Georgia 30303.

## VI.   REPORTING REQUIREMENT

Every six months during the duration of this Consent Order, Defendant shall certify in written affidavit form to the Regional Attorney of the Commission's Atlanta District Office whether Defendant has received any official complaints of race discrimination or retaliation. If an employee has so complained, then the summary report shall state the following:

(a)   The date of the complaint or report,

(b)     The name of the person making the complaint or report,

(c)     The name and title of the person against whom the complaint or report was made,

(d)     The nature of the complaint or report,

(e)     The name and title of the Defendant's official who received the complaint or report,

(f)     What, if any, action was taken by Defendant in response to the complaint or report (e.g. employee discipline), and

(g)     An explanation of how Defendant resolved the complaint or report.

## VII.   CHARGING PARTY'S INDIVIDUAL RELIEF: MONETARY RELIEF

Defendant, in settlement of all alleged claims, shall provide to Reginald Myles the gross amount of $20,500.00 in a manner agreed upon by the parties. Taxes and other statutory deductions will be the sole responsibility of Myles. For Federal Income Tax purposes, Defendant will issue, as permitted by law, a form 1099 to Myles at the appropriate time, as required by law. Defendant shall inform the Regional Attorney in the Atlanta District Office of such payment within (5) working days by sending the Regional Attorney a copy of the relevant check(s).

## VIII. REFERENCES

Defendant agrees that if it receives inquiries from persons or prospective employers seeking a reference or other employment related information regarding Myles, it shall provide a neutral reference, citing the dates of employment and the positions held. Defendant will make no mention to persons or prospective employers seeking a reference of the fact that Myles filed a charge of discrimination or that the instant lawsuit was filed.

## IX. DISCIPLINARY POLICY ON RETALIATION DISCRIMINATION

Defendant agrees to create and implement a policy which addresses equal employment opportunity and which will prohibit, among other things, retaliation and discrimination and provide for disciplinary action against violators. Defendant agrees that the policy will specify how complaints regarding all forms of discrimination and retaliation, including sex, should be made and that the policy advises employees that Defendant will take prompt remedial action upon receiving such complaints. Defendant agrees to emphasize this policy to all employees, particularly those who perform in a supervisory or management capacity, and to require all management employees at its Norcross facility to sign an acknowledgment that the policy has been read and understood within thirty (30)

-8-

days of the effective date of this Order. Defendant agrees that this policy will be emphasized to all new hires.

## X.   **PROCEDURE FOR ENFORCING COMPLIANCE**

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Order by informal mediation and consultation before seeking enforcement through the judicial process. The Commission will notify Defendant in writing if it has any reason to believe that any action or omission by the Defendant is in violation of the Consent Order. Defendant shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney for the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies. If upon receipt of Defendant's report the Commission concludes that the deficiency has not been satisfactorily cured by the Defendant, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or mediation. If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation or mediation process, then the Commission may seek enforcement of this Consent Order through the judicial process.

## XI.   TERMS OF ORDER - PERIOD OF JURISDICTION

This Consent Order shall continue to be effective and binding upon the parties to this action for a period of twenty-four (24) months immediately following the entry of the Order, provided that all remedial benefits required hereby have been received or offered prior to its expiration and provided further, that all required reports and certifications are submitted at least thirty (30) days before the expiration date of the Consent Order.   If required reports are not submitted within thirty (30) days of the expiration date or if the remedial benefits are not received or offered, the Consent Order will be automatically extended until these provisions are completed.

This Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Order and for any other appropriate or equitable purposes for twenty-four months (24) months from the date of entry of this Consent Order, unless the Court acts or the Commission has, prior to the expiration of said twenty-four (24) month period, moved to enforce compliance with the Consent Order.   If this Court acts or the Commission has moved to enforce compliance with this Consent Order within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions which

are made during the twenty-four month (24) month period have been resolved. Thereafter, this Court shall dissolve this Consent Order and shall dismiss this cause with prejudice.

## XII. OTHER ACTIONS

The Commission shall not commence or prosecute against Defendant any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities which arise out of EEOC Charge Number 110-2005-01034, investigation of the charge, or this lawsuit. This Consent Order in no way affects the EEOC's right to process any pending or future charges that may be filed against Defendant or its owners in accordance with standard EEOC procedures, and to commence civil actions pursuant to Section 706(f) of Title VII on any such charge. Nothing in this Consent Order shall be construed to limit or reduce Defendant's obligation to fully comply with Title VII of the Civil Rights Act of 1964, as amended; the Equal Pay Act of 1963, as amended; the Age Discrimination in Employment Act of 1967, as amended; the Americans with Disabilities Act of 1990; or the regulations promulgated pursuant thereto. Nothing herein shall preclude the EEOC from bringing an action to enforce the provisions of this Consent Order.

## XIII.  COSTS AND ATTORNEY FEES

The Commission and Defendant shall each bear their own respective costs and attorney's fees for this action.  The parties hereto and undersigned attorneys of record for the Commission and Defendant in the above-styled action hereby consent to the entry of the foregoing Consent Order.

Respectfully submitted,

**BY CONSENT:**

Counsel for Plaintiff:

s/

Robert Dawkins, Esq.
Regional Attorney
(Georgia Bar No. 076206)
Equal Employment Opportunity
Commission Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia 30303
(404) 562-6818
Email:  robert.dawkins@eeoc.gov

Counsel for Defendant:

s/

Randy Gepp, Esq.
(Georgia Bar No. 291375)
Hollowell, Foster & Gepp, P.C.
1200 Harris Tower
233 Peachtree Street
Atlanta, Georgia  30303
(404) 658-990
Email:  rgepp@hfglaw.net

-12-

APPROVED, DONE, and SIGNED this _____ day of _____, 2007.


_____

District Judge
U.S. District Court of Georgia
Northern District of Georgia, Atlanta Division

## NOTICE

1.   This notice to all employees of Superior Asset Management, Inc. hereinafter Superior") is being posted as part of the remedy agreed to between Superior and the Equal Employment Opportunity Commission in a Consent Order filed in the United States Federal District Court, Atlanta, Georgia.   (Civil Action File No. 1:07-CV-0438-CC).

2.   Federal Law requires, in general, that there be no discrimination against any employee or applicant for employment because of the person's race, color, religion, sex, pregnant condition, national origin, disability, retaliation or age with respect to hiring, firing, compensation or other terms, conditions or privileges of employment.

3.   Superior supports and will comply with such Federal Law in all respects and will not take any action against employees because of their opposition to unlawful employment practices or because they have exercised their rights under the law.

4.   Superior has taken and will continue to take such remedial action as is required by the Consent Order entered by the United States District Court.

5.     This notice will remain posted for twenty-four months (24) months, until October, 2009.


Signed this _____ day of _____, 2007.


                                    _____
                                    Superior Asset Management Inc.


## DO NOT REMOVE THIS NOTICE UNTIL

October, 2009